UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANIELLE BAR-NAVON,**

        **Plaintiff,**

**-vs-**                                                Case No. 6:06-cv-1434-Orl-19KRS

**SCHOOL BOARD OF BREVARD COUNTY,
FLORIDA,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion To Strike Complaint And Demand For Injunctive And Declaratory Relief of Defendant The School Board of Brevard County, Florida (Doc. No. 4, filed October 4, 2006); and

2. Objection To Motion to Strike of Plaintiff Danielle Bar-Navon (Doc. No. 7, filed October 20, 2006).

Defendant The School Board of Brevard County, Florida (hereinafter, the "School Board") asks the Court to strike the Complaint of Plaintiff Danielle Bar-Navon. (Doc. No. 4). According to Defendant, a Complaint signed by Boaz Bar-Navon, the next friend and legal parent of Plaintiff Danielle Bar-Navon, does not conform to the signature requirement of Federal Rule of Civil Procedure 11. (*Id.*). Plaintiff's response, although it does not refer to legal authority, makes clear that Boaz Bar-Navon is acting on behalf of his minor child and that he signed the Complaint as Plaintiff's next-friend. (Doc. No. 7).

Defendant frames its motion in terms of the signature requirement of Rule 11, but the heart of the matter is whether Boaz Bar-Navon, acting as next friend to Danielle Bar-Navon, can prosecute this lawsuit as a *pro se* litigant. To reach an answer to this question, the Court must consider the capacity of Danielle Bar-Navon to sue or be sued, the capacity of Boaz Bar-Navon to sue or be sued as the representative of Danielle Bar-Navon, and the statutory and common law bases for *pro se* litigants to appear in federal court.

Federal Rule of Civil Procedure 17(b) states that the "capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile." In Florida, a minor child is incapable of bringing an action on her own behalf and can only sue by and through a guardian ad litem, next friend or other duly appointed representative.[1] *Gilbertson v. Boggs*, 743 So. 2d 123, 128 (Fla. Dist. Ct. App. 1999) (describing the capacity of minors to sue and be sued under Florida law). Unless a child has a guardian or other appointed representative, a minor *must* sue by her next friend. *Id.* Thus, Danielle Bar-Navon cannot sue or be sued in federal court on her own behalf, and she must act through a guardian ad litem, next friend or other appointed representative in order to maintain such lawsuit.

Federal Rule of Civil Procedure 17(c) provides in pertinent part:

Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.

---

[1] A minor child, according to the Florida Statutes, is "a person under 18 years of age whose disabilities have not been removed by marriage or otherwise." FLA. STAT. § 744.102(13).

FED. R. CIV. P. 17(c). There is no indication on this record that a guardian ad litem or other representative has been appointed to look after Danielle Bar-Navon's interests. Therefore, under the Federal Rules of Civil Procedure, Boaz Bar-Navon can act as her next-friend, and he can sue or defend on her behalf in federal court.[2]

The capacity of Boaz Bar-Navon to sue as a next friend, however, is separate and distinct from his ability to proceed *pro se* in civil actions in federal court on Danielle Bar-Novan's behalf. *See Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (concluding Rule 17(c) "permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel."). Litigants in federal court have a statutory right to choose to act as their own counsel. *See* 28 U.S.C. § 1654. Section 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

*Id.* Importantly, the plain language of Section 1654 authorizes a litigant to appear personally before the Court *only* on his own behalf.  An individual who is not licensed as an attorney "may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (prohibiting a non-attorney from appearing on behalf of a partnership); *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451 (N.D. Tex. 1975) (deciding cases consolidated by order of the Chief Justice of the United States Supreme Court and Chief Judge of the Fifth Circuit). For instance, a legal entity such as a

---

[2] The Court does not reach whether Boaz Bar-Navon has standing under federal law to bring this lawsuit. *See Witmore v. Arkansas*, 495 U.S. 149 (1990); *Hauser ex rel. Crawford v. Moore*, 223 F.3d 1316 (2000) (discussing the standing requirement for next friend parties).

corporation must always be represented by legal counsel. *K.M.A., Inc. v. Gen. Motors Acceptance Corp.* (*In re K.M.A., Inc.*), 652 F.2d 398, 399 (5th Cir. 1981) (citing *Commercial & R.R. Bank of Vicksburg v. Slocomb*, 39 U.S. (14 Pet.) 60 (1840)). This is so because a corporate officer or major stockholder appearing before a court would not be representing his own interests but those of the corporation. *See Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally."). Consequently, the Court has adopted Local Rule 2.01(a), which provides that "[n]o person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule."

In circumstances similar to those in this case, the Court of Appeals for the Eleventh Circuit has concluded that "parents who are not attorneys may not bring a *pro se* action on their child's behalf." *Devine*, 121 F.3d at 582; *see also Cheung v. Youth Orchestra Found.of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). There is simple reasoning underlying this rule. "[I]t helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Id.*; *see also Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002) (reasoning that non-attorney parents are not trained to represent competently the interests of their children in claims that require adjudication and that minors are entitled to trained legal assistance so that the children's rights are fully protected).

The question, then, is whether this lawsuit was brought by Bar-Navon as his own case or whether he is bringing this action on behalf of Danielle Bar-Navon . *Iannaccone*, 142 F.3d at 558 (citing *Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976)). Here, Boaz Bar-Navon is attempting to bring an action not in his own right but on behalf of his daughter and without the assistance of

counsel. (*See* Doc. No. 1). Proceeding *pro se* without an attorney in such circumstance is not authorized by statute and is prohibited by federal case law. Therefore, the requirements of Federal Rule of Civil Procedure 11 are not satisfied by Boaz Bar-Navon's signature on the Complaint, and such pleading should be stricken as unauthorized. *See* FED. R. CIV. P. 11(b); *see also Covington v. Cole*, 528 F.2d 1365, 1369 (5th Cir. 1976) ("[T]he Rule 11 signature requirement [is] designed . . . to assure the court that the named party is actually in assent to the filing of an action on his behalf.").

Based on the foregoing, the Court **GRANTS** the Motion To Strike Complaint And Demand For Injunctive And Declaratory Relief (Doc. No. 4) filed by Defendant The School Board of Brevard County, Florida. Since Danielle Bar-Navon cannot maintain this lawsuit herself and Boaz Bar-Navon may not proceed *pro se* on her behalf, the court grants Plaintiff leave to file with the Court, within thirty (30) days from the date of this Order, a Complaint which is signed by an attorney who is a member of the Bar of this Court. Failure to file a Complaint in accordance with this Order and within this time will result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October  27th , 2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party