**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DANIELLE BAR-NAVON, by**
**and through her parent and**
**next friend, BOAZ BAR-NAVON,**

      **Plaintiff,**

vs.                                                **Case No. 6:06-cv-1434-Orl-19KRS**

**SCHOOL BOARD OF BREVARD**
**COUNTY, FLORIDA,**

      **Defendant.**

_____

**ORDER**

This case comes before the Court on the following:

1. Application for Preliminary Injunction and Request for Prompt Hearing, filed by Plaintiff Danielle Bar-Navon on December 1, 2006; (Doc. No. 13);

2. Plaintiff's Memorandum of Law in Support of Plaintiff's Application for Preliminary Injunction, filed on December 1, 2006; (Doc. No. 14);

3. Defendant's Memorandum of Law in Opposition to Plaintiff's Application for Preliminary Injunction, filed by Defendant School Board of Brevard County, Florida on January 5, 2007; (Doc. No. 27);

4. Notice of Filing [Exhibits to Memorandum in Opposition]*,* filed by Defendant on January 8, 2007; (Doc. No. 28); and

5. Plaintiff's Motion to Supplement Plaintiff's Application for Preliminary

Injunction, filed by Plaintiff on January 10, 2007. (Doc. No. 30).

**Background**

The following allegations are drawn from Plaintiff's Verified Complaint.[1] (Doc. No. 10, filed on November 20, 2006). Plaintiff Danielle Bar-Navon is a fifteen year old student who currently attends Viera High School in Brevard County, Florida, a school which is operated by Defendant, the School Board of Brevard County, Florida. (*See id*. at ¶ 5). As allowed by law, Defendant has promulgated a code of conduct for secondary school students across Brevard County. Pursuant to Defendant's written policy, Dress Code Rule C(5)(b) states that "Pierced jewelry shall be limited to the ears." (*See, e.g.*, *id.* at ¶ 8).

As a form of expression, Plaintiff wears pierced jewelry on her body and has piercings located on her tongue, nasal septum, lip, navel, and chest. (*See id.* at ¶ 7). Upon her arrival at Viera High School on the first day of school on August 9, 2006, Plaintiff was informed by a school administrator that her piercings violated the school's dress code and that she had to remove the jewelry from her piercings or she would not be allowed to attend class. (*See id*. at ¶ 9). Plaintiff subsequently refused to remove such jewelry, and a school employee asked Plaintiff's father, Boaz Bar-Navon, to take her home. (*See id.*).

Mr. Bar-Navon then came to the school and met with the school's principal, Mark Toermon. Mr. Toermon stated to Plaintiff and Mr. Bar-Navon that although he personally did not mind the piercings, it was school policy not to allow them and that his hands were tied. (*See id*. at ¶ 11). On September 1, 2006, Plaintiff was cited with a discipline referral

---

[1] The Plaintiff has declared under penalty of perjury that the facts stated in paragraphs 5, 7-13, and 20-21 of the Complaint are true and correct.

and punished with four days of lunch detention for violating the school's dress code. (*See id*. at ¶ 12). Plaintiff contends that the school's requirement that pierced jewelry be removed during school hours creates a "significant risk" for pain, infection, and other health problems for students who must abide by such rule. (*See id*. at ¶ 15).

Plaintiff contends that Defendant's earring-only piercing rule is vague, overbroad, and in violation of her First Amendment right to freedom of expression.[2] Thus, Plaintiff now seeks a preliminary injunction suspending until final judgment is entered the blanket rule that prohibits the wearing of non-ear pierced jewelry, except if such jewelry poses a safety risk or interferes with the educational process. Plaintiff contends that she has a great likelihood of succeeding on the merits at trial, that she will suffer irreparable harm if such injunction is not granted, that Defendant will suffer no harm as a result of such injunction, and that injunctive relief is in the public interest. Plaintiff also argues that other school districts in the State of Florida do not have such a restrictive rule and instead only ban body jewelry that is disruptive and materially interferes with the educational process, or poses a safety or security risk.

Defendant opposes the entry of preliminary injunctive relief, arguing that Plaintiff's conduct does not warrant First Amendment protection and thus that she has failed to demonstrate a substantial likelihood of success on the merits or any irreparable injury. Furthermore, Defendant argues that the entry of Plaintiff's proposed injunction could pose a safety risk to students and potentially increase the disruption of school activities. Lastly, Defendant represented to the Court during oral arguments that the imposition of a rule

---

[2]  *See* U.S. CONST. amend. I.

whereby the school would judge piercings on a case-by-case basis creates the risk of arbitrary application of the rules and increased litigation.

## Standard of Review

Generally, the purpose of a preliminary injunction is to maintain the *status quo* until the district court can enter a final decision on the merits of the case. *United States v. DBB, Inc.*, 180 F.3d 1277 (11th Cir.1999). To prevail on its request for injunctive relief, the party seeking the injunction must demonstrate the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury if the injunction is not issued; (3) that the threatened injury to the party seeking the injunction outweighs the potential damage that the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, will not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). Because a preliminary injunction is an extraordinary and drastic remedy, such relief is not to be granted unless the movant clearly establishes the 'burden of persuasion' as to each of the four prerequisites. *See, e.g., McDonalds,* 147 F.3d at 1306; *Schiavo*, 403 F.3d at 1231. A party may support its motion for a preliminary injunction by setting forth allegations of specific facts in affidavits. *See* M.D. Fla. R. 4.05(b)(2), 4.06(b)(3). In considering a motion for preliminary injunctive relief, a district court may rely on affidavits and hearsay materials that would not be admissible as evidence for entry of a permanent injunction. *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir.1995); *F.A.C.E. Trading, Inc. v. Famiano*, Case No. 8:05-cv-1740T23TBM, 2006 WL 571723, at *7 n. 6 (M.D. Fla. March 8, 2006).

**Analysis**

**A.  Plaintiff's Motion to Supplement**

On January 10, 2007, a day after the Court's hearing on Plaintiff's motion for preliminary injunctive relief, Plaintiff filed a Motion to Supplement with the Court seeking to submit additional evidence for consideration with its preliminary injunction motion. (*See* Doc. No. 30-1).  Defendant opposes the Motion to Supplement.  (*See id*. at ¶ 3).

Plaintiff's attempt to submit evidence that was not previously submitted to the Court prior to the preliminary injunction hearing is problematic.  *See, e.g., Cumulus Media, Inc. v. Clear Channel Communications, Inc.,* 304 F.3d 1167, 1178 (11th Cir. 2002) (rejecting litigant's request for second evidentiary hearing after a preliminary injunction was issued). Where a party attempts to introduce untimely, previously unsubmitted evidence absent some showing that the evidence was not available during the pendency of the motion, a court generally should not grant the motion.  *See id.* (quoting *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).  Plaintiff in the instant case has made no such showing, and thus her motion should be denied on this ground alone.  As a further basis for denial, the Motion to Supplement violates Local Rule 4.06(b)(2), which requires the party seeking a preliminary injunction to submit all papers and evidence upon which it intends to rely at least five (5) full days prior to the hearing.  *See* Local Rule 4.06(b)(2).

**B.  Substantial Likelihood of Success on the Merits**

The first and primary factor in determining whether a preliminary injunction should issue is whether the plaintiff is likely to prevail on the merits of her claims.  *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1026 (11th Cir. 1989); *Glen Raven Mills, Inc. v.*

*Ramada Int'l, Inc*., 852 F. Supp. 1544, 1547 (M.D. Fla. 1994). "It is clear from our cases that proof of a substantial likelihood of success on the merits is an indispensable prerequisite to a preliminary injunction." *All Care Nursing Serv. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). To demonstrate a substantial likelihood of success on the merits, the plaintiff must make a showing of likely or probable, but not certain, success at trial. *Schiavo*, 403 F.3d at 1232 (citing *Home Oil Co., Inc. v. Sam's East, Inc.*, 199 F.Supp.2d 1236, 1249 (M.D. Ala. 2002)).

Without expressing an opinion as to whether Plaintiff will ultimately prevail, the Court finds that she has not presently demonstrated the "indispensable prerequisite" of likely success on the merits of her claims. The First Amendment to the United States Constitution guarantees students the right to engage not only in "pure speech," but "expressive conduct," as well. *See Virginia v. Black,* 538 U.S. 343 (2003); *United States v. O'Brien*, 391 U.S. 367, 376-77 (1968). As the Supreme Court has cautioned, however, "[w]e cannot accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." *O'Brien*, 391 U.S. at 376). In *Spence v. Washington*, the Supreme Court held that to determine whether a particular act counts as expressive conduct, a court must determine whether "[a]n intent to convey a particularized message was present, and in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it." *Texas v. Johnson*, 491 U.S. 397, 404 (1989) (quoting *Spence,* 418 U.S. 405, 410-11 (1974)). The party asserting that its conduct is expressive bears the burden of demonstrating that the First Amendment applies, *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293 n. 5 (1984), and

that party must advance more than a mere "plausible contention" that its conduct is expressive. *Id*.

In the case of *Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston*,[3] the Supreme Court, in finding the St. Patrick's Day Parade in Boston to be an "expressive parade," stated in reference to *Spence* that "a narrow, succinctly articulable message is not a condition of constitutional protection, which if confined to expressions conveying a 'particularized message,' would never reach the unquestionably shielded painting of Jackson Pollock, music of Arnold Schöenberg, or Jabberwocky verse of Lewis Carroll." *Id*. at 569 (citation omitted).

There is currently a disagreement among the federal Circuit Courts as to what extent, if any, the Supreme Court's language in *Hurley* changes the "expressive conduct" analysis under the *Spence-Johnson* test. Although a large majority of federal Circuit Courts continue to apply the *Spence-Johnson* test in determining whether non-verbal actions and gestures constitute expressive conduct under the meaning of the First Amendment,[4] the United States Court of Appeals for the Eleventh Circuit appears to have aligned itself with the minority of courts which have expressly held that the Supreme Court's dicta in *Hurley* has altered the expressive conduct test. *See Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1270

---

[3] *Hurley*, 515 U.S. 557 (1995).

[4] *See, e.g., Church of American Knights of the Ku Klux Klan v. Kerik,* 356 F.3d 197, 205 n.6 (2d Cir. 2004); *Zalewska v. County of Sullivan, New York*, 316 F.3d 314, 319 (2d Cir. 2003); *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 161 n. 18 (3d Cir. 2002) (noting that courts generally "continue to view the *Spence-Johnson* test as the governing standard for determining whether conduct constitutes protected expression."); *Gun Owners' Action League, Inc. v. Swift*, 284 F.3d 198, 211 (1st Cir.2002).

(11th Cir. 2004). In *Holloman*, the Eleventh Circuit stated that the above-quoted language from *Hurley* "liberalized" the *Spence-Johnson* test for determining expressive conduct. *See id*. Thus, the Eleventh Circuit opinion instructed that "in determining whether conduct is expressive, we ask whether the reasonable person would interpret it as *some* sort of message, not whether an observer would necessarily infer a *specific* message." *See id*. (emphasis in original).

The *Holloman* opinion provides no further guidance as to the weight, if any, to be given to the *Spence-Johnson* framework in light of the Court's instruction in *Holloman*, and neither the Supreme Court nor the Eleventh Circuit have addressed the issue since that time. However, among the other Circuits which have concluded that *Hurley* modifies the *Spence-Johnson* test, all continue to give at least some weight to factors articulated in *Spence*. For instance, the Third Circuit views the *Spence-Johnson* factors as non-exclusive guideposts in determining expressive conduct,[5] and the Sixth Circuit appears to view *Hurley* as simply lowering the threshold required to demonstrate such protected conduct under the *Spence-Johnson* test. *See Blau v. Fort Thomas Public School Dist.*, 401 F.3d 381, 388 (6th Cir. 2005).

For purposes of the instant motion, however, it matters not whether the Eleventh Circuit intended its test to be read in lieu of, or in conjunction with, the *Spence-Johnson* framework. Under either of these approaches, Plaintiff has failed to demonstrate a substantial likelihood of prevailing on her claim that the conduct at issue in the instant case would be deemed expressive conduct within the meaning of the First Amendment.

---

[5] *See Tenafly*, 309 F.3d at 160-61.

Based on the allegations contained in the Complaint and the evidence presented by the parties, the Plaintiff has failed to demonstrate that a reasonable person would interpret Plaintiff's body jewelry as conveying any type of message, whether particularized or less specific. At trial, it would be Plaintiff's burden of showing that her conduct constituted "expressive conduct," and she would be required to advance more than a mere "plausible contention" that this is so. *See, e.g., Clark,* 468 U.S. at 293 n. 5 (1984). While the Verified Complaint states that Plaintiff's pierced jewelry constitutes a "particularized mode of expression," no evidence has been presented to the Court demonstrating support for this contention. Plaintiff has submitted evidence demonstrating that body piercing can convey a religious,[6] political,[7] cultural,[8] or sociological[9] message, yet the record is silent as to what message, if any, this *particular* Plaintiff sought to convey by her appearance. In fact, Defendant has presented evidence via affidavit that a school administrator was unaware of any message the Plaintiff was attempting to convey with her jewelry. (*See* Doc. No. 28-2, ¶ 9).

Based on the evidence presented in the instant case, the Court cannot discern any message the Plaintiff was attempting to convey through her conduct. Thus, this case is directly analogous to a long line of so-called "individuality" or "self-expression" cases holding that school rules limiting a student's right to dress, style one's hair, or wear jewelry,

---

[6]   *See* Doc. No. 13-13.

[7]   *See* Doc. No. 13-8.

[8]   *See* Doc. No. 13-9.

[9]   *See* Doc. No. 13-10.

without more, do not implicate concerns about "expressive conduct" under the meaning of the First Amendment. *See, e.g., Blau v. Ft. Thomas Public School Dist.,* 401 F.3d 381, 388-89 (6th Cir. 2005) (student's desire to wear clothes which do not conform to dress code not expressive conduct even under that Circuit's lower threshold)[10]; *Stephenson* v. *Davenport Comm. School Dist.*, 110 F.3d 1303, 1307 n.4 (8th Cir. 1997) (student's tattoo not expressive conduct); *Karr ex rel. Karr v. Schmidt*, 460 F.2d 609 (5th Cir. 1972) (student's desire to wear hair at length that suits him not expressive conduct); *Olesen by Olesen v. Board of Education of School Dist. No. 228*, 676 F.Supp. 820, 822-23 (N.D. Ill. 1987) (male student's wearing of an earring not expressive conduct); *Youngblood ex rel. Youngblood v. School Board of Hillsborough County, Florida*, Case No. 8:02-cv-1089-T-24MAP, at *6 (M.D. Fla. Sept. 25, 2002) (female student's desire to wear male clothing during senior portrait not expressive conduct). Hence, the Court cannot conclude that Plaintiff has demonstrated a substantial likelihood of prevailing on her claim that her body piercings constitute expressive conduct. As this is Plaintiff's sole argument in her motion for preliminary injunction, the Court finds that Plaintiff has not demonstrated a substantial likelihood of success on the merits at trial.

---

[10]  Interestingly, the school dress code upheld by the Sixth Circuit in *Blau* on other grounds provided that visible body piercing other than ear piercing was not permitted. *See Blau*, 401 F.3d at 386.

**C. Irreparable Harm**[11]

The Eleventh Circuit has stated that irreparable harm or injury is " 'the *sine qua non* of injunctive relief.' " *See, e.g. Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir.1990)). Without a finding of a likelihood of irreparable injury, preliminary injunctive relief is improper and will be reversed on appeal. *See id.* In order to qualify as irreparable, harm or injury must be "actual and imminent." *Id*. In determining whether harm is irreparable, courts consider, *inter alia*, the nature of the harm alleged and the delay of the movant in seeking relief. *See, e.g.*, *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc*., 60 F.3d 27, 39 (2d Cir.1995); *Pippin v. Playboy Entertainment Group, Inc.*, Case No. 8:02-cv-2329T30EAJ, 2003 WL 21981990, at *2 (M.D. Fla. 2003).

In the instant case, Plaintiff advances two arguments in attempting to demonstrate that she will suffer irreparable harm if the Court fails to issue the requested injunction. The first argument is that the loss of Plaintiff's First Amendment freedoms, for even minimal periods of time, constitutes irreparable injury. *See Elrod v. Burns,* 427 U.S. 347, 373 (1976) (plurality opinion). This argument fails as, for the reasons stated above, Plaintiff has not demonstrated a substantial likelihood that her conduct is protected by the First Amendment.

Secondly, Plaintiff argues that the extra removal and insertion of pierced jewelry,

---

[11] Although the Court need not consider whether Plaintiff has demonstrated irreparable injury in the instant case because Plaintiff has failed to demonstrate the "indispensable prerequisite" of likelihood of success on the merits, *see All Care Nursing,* 887 F.2d at 1537, the Court concludes that Plaintiff has not met her burden of demonstrating irreparable harm absent the issuance of an injunction.

which Plaintiff would need to do in order to wear her jewelry before and after school but not during school, creates a significant risk of pain, infection, and other health problems for Plaintiff, and thus Plaintiff would suffer irreparable harm if her motion were denied.  This argument is not well taken.  The possibility of an increased risk of pain and infection is too "remote and speculative" to be deemed enough of an "actual and imminent" injury for Plaintiff to meet her burden that irreparable harm could only be avoided by upsetting the *status quo* prior to trial.  *See, e.g., Northeastern Fla.*, 896 F.2d at 1285 (threatened injury must be actual and imminent and neither remote nor speculative); *Brown v. U.S. Dept. of Agriculture*, Case No. 6-06-cv-1329-Orl-18JGG, 2006 WL 2644925, at *2 (M.D. Fla. Sept. 14, 2006) (claims based on speculative or hypothetical harm insufficient) (citing *Socialist Workers Party v. Leahy*, 957 F.Supp. 1262, 1264 n.3 (S.D. Fla. 1997); *see also Olesen,* 676 F.Supp. at 821, 823 (denying preliminary injunction where student sought to enjoin school's female-only earring policy).  Thus, the Court finds Plaintiff has not met her burden of demonstrating irreparable injury.[12]

For the foregoing reasons, the Court denies the motion for preliminary injunctive relief.  (Doc. No. 13).

## **Conclusion**

Based on the foregoing, the Application for Preliminary Injunction and Request for Prompt Hearing, filed by Plaintiff Danielle Bar-Navon on December 1, 2006, (Doc. No. 13),

---

[12] Because Plaintiff has failed to satisfy the two prerequisites of the standard for granting an injunction, namely, a showing of irreparable injury and likelihood of success on the merits, the Court will not analyze whether an injunction meets the standard for the balance of hardship to other interested persons or whether an injunction would be in the public interest.

is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 11th day of January, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record